[Crim. No. 3081. In Bank.—October 26, 1928.]

In the Matter of the Application of LOUIS A. STEIGER for Writ of Habeas Corpus.

Cooper & Collings for Petitioner.

E. J. Lickley, City Prosecuting Attorney, and Joe W. Matherly and F. W. Fellows, Deputies City Prosecuting Attorneys, for Respondent.

WASTE, C. J.—Petition for *habeas corpus.* Petitioner is held in restraint under and by virtue of commitments based on three several judgments rendered by the municipal court of the city of Los Angeles, certified copies of which, together with certified copies of the complaint in each referred to, are attached to the return to the writ. (Other than treating the petition for the writ as a traverse, the petitioner has not denied or controverted any of the facts or matters set forth by the respondent.)

Petitioner was charged in each complaint with the unlawful possession of intoxicating liquor, in violation of the provisions of the Wright Act (Stats. 1921, p. 79). In each

of the complaints it is also alleged that the petitioner had suffered two prior convictions of a similar offense. He entered a plea of guilty to each complaint of the crime of unlawful possession of intoxicating liquor after prior convictions of similar offenses, and was sentenced to imprisonment in the county jail, and fined. From the return it appears that the situation is one in which valid process has been issued by virtue of the final judgment of a competent court of criminal jurisdiction. (Pen. Code, sec. 1486.) It is patent, therefore, that there is nothing before the court requiring action, and the writ may well be discharged. (*In re Kolb,* 60 Cal. App. 198, 199 [212 Pac. 645]; *In re Collins,* 151 Cal. 340, 342 [129 Am. St. Rep. 122, 90 Pac. 827, 91 Pac. 397].)

Even were that not so, we are of the view that the contention made by the petitioner must be decided against him. The offenses charged were misdemeanors within the definition of the Penal Code of this state, and the municipal court of the city of Los Angeles had jurisdiction. (*In re Wilson,* 196 Cal. 515, 523 [238 Pac. 359]; *In re Luna,* 201 Cal. 405 [257 Pac. 76].) The penalties to which the petitioner was subjected were properly imposed under the provisions of the state prohibition statute. (*Ex parte Humphrey,* 64 Cal. App. 572 [222 Pac. 366].)

It is claimed that the sentences were void because the petitioner was first sentenced after 12 o'clock on a Saturday afternoon, a holiday. That fact does not appear in the record, and, if that were so, the sentences were void. But the court had jurisdiction to pronounce judgment, as it later did, at a time when it was competent for it to act. (*In re Dal Porte,* 198 Cal. 216 [244 Pac. 355].) No legal obstacle stood in the way of making the sentences of the petitioner run consecutively, and the punishment inflicted was neither cruel nor inhuman.

The writ is discharged and the petitioner is remanded.

Seawell, J., Shenk, J., Curtis, J., and Preston, J., concurred.