[Crim. No. 2893.   Second Appellate District, Division Two.—September 14, 1936.]

THE PEOPLE, Respondent, v. MORRIS L. HIRSCHBEIN, Appellant.

Alexander L. Oster for Appellant.

U. S. Webb, Attorney-General, and John O. Palstine, Deputy Attorney-General, for Respondent.

CRAIL, P. J.—The defendant was convicted on fifteen separate counts of grand theft. On appeal the judgments were affirmed. (*People* v. *Hirschbein,* 12 Cal. App. (2d) 447 [55 Pac. (2d) 516].) Thereafter in the trial court the defendant made a motion to have the several sentences ordered to run concurrently in place and instead of consecutively, and he also made a motion to correct the judgments to that effect. These motions were both denied and this appeal is taken from the orders denying the motions.

The judgment upon the first count sentenced the defendant to be imprisoned "for the term prescribed by law". The judgment upon the second count sentenced the defendant to imprisonment for a like term, "to run consecutively with" the judgment upon count one. The judgment on count three sentenced the defendant to imprisonment for a like term, "to run consecutively with" the sentence on counts one and two. On each count up to count eight inclusive the judgment directed the term "to run consecutively with" all of the judgments on the counts which preceded it. The terms under counts from nine to fifteen inclusive were directed "to run concurrently with" the judgments under the first eight counts. The defendant contends that the judgments on all of the counts except count one are void because they are "unintelligible and uncertain", and this is the sole question necessary for determination on this appeal. The authority of the court to impose the sentences is contained in section 669 of the Penal Code, which at the time the judgments herein were pronounced read as follows: "When any person is convicted of two or more crimes the judgment shall direct. whether the terms of imprisonment or any of them to which he is sentenced shall run concurrently or whether the imprisonment

to which he is or has been sentenced upon the second or other subsequent conviction shall commence at the termination of the first term of imprisonment to which he has been sentenced, or at the termination of the second or subsequent term of imprisonment to which he has been sentenced, as the case may be''. The definition of ''consecutive'' is: ''following in uninterrupted succession''. (Standard Dictionary.)

The defendant does not refer us to any California citation which sustains his contention. On the contrary, our California courts have frequently and consistently used the term ''consecutively'' when applied to sentences to indicate, and as synonymous with, sentences which direct that the imprisonment shall commence at the termination of some other term of imprisonment to which the defendant has been sentenced. For illustration see: *In re Steiger,* 205 Cal. 408, 410 [271 Pac. 201]; *People* v. *Loveless,* 140 Cal. App. 291 [35 Pac. (2d) 574]; *People* v. *O'Brien,* 122 Cal. App. 147, 158 [9 Pac. (2d) 902]; *People* v. *Pereles,* 125 Cal. App. (Supp.) 787, 793 [12 Pac. (2d) 1093]; *In re Rozier,* 4 Cal. App. (2d) 250 [40 Pac. (2d) 599]. There is no difficulty, when reading the California cases, in understanding that a sentence which runs consecutively is one which ''shall commence at the termination of the first term of imprisonment to which he has been sentenced, or at the termination of the second or subsequent term of imprisonment to which he has been sentenced, as the case may be''. There is no merit in defendant's contention.

The orders are affirmed.

Gould, J., *pro tem.,* and Wood, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 23, 1936, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 8, 1936.