[Crim. No. 593.   Fourth Dist.   July 14, 1948.]

THE PEOPLE, Respondent, v. JAMES F. PALACIO et al., Appellants.

J. M. Lopes for Appellants.

Fred N. Howser, Attorney General, and Howard S. Goldin, Deputy Attorney General, for Respondent.

BARNARD, P. J.—The defendants were jointly charged with a violation of section 265 of the Penal Code in that on February 27, 1948, they had unlawfully taken the complaining witness against her will and had by force, menace and duress compelled her to be defiled. In a second count they were charged, under subdivision 4 of section 261, with raping the same girl.

About 10 p. m. on February 28, 1948, the complaining witness, with her boy friend, was in an automobile which was

parked on a country road about 3 miles from Tulare. The car was a convertible with a canvas top. The five defendants, in another car, passed the parked car and then turned around and returned. The defendants then attempted to get the complaining witness out of the convertible, which was locked from the inside. When the occupants of the convertible refused to unlock the door, the defendants succeeded in cutting a hole in the canvas top which enabled one of them to reach in and unlock the door. One of the defendants then entered the convertible, and put one arm around the complaining witness while holding his knife at her throat. She was pulled from that car and taken over and placed in the rear seat of the defendants' car with three of the defendants while the two other defendants occupied the front seat. She was then blindfolded and that car was driven a distance of about 4 miles, at which point each of the five defendants accomplished an act of sexual intercourse with her. On the way back to Tulare they were met by two officers.

Each of the defendants separately admitted the facts to an investigating officer. Each entered a plea of not guilty and later withdrew it and entered a plea of guilty. In pronouncing judgment the court sentenced each defendant to San Quentin for the term prescribed by law on each count, the respective sentences to run consecutively. A motion for an order directing that these sentences be made to run concurrently, rather than consecutively, was made and denied. The defendants have appealed ''from the sentence imposed on the second count of the information, and from the order of the court that the sentence run consecutively.''

The appellants request that the judgment be affirmed as to the first count, and that as to the second count it ''be set aside and dismissed, or in any event that said sentence run concurrently and not consecutively.''

It is argued that the essential element under the first count was the defilement; that this defilement was the same act of sexual intercourse which was the main element under the second count; that it was all one transaction; that the criminal offense in the second count was one which was included within the one charged in the first count; and that it follows that only one crime was committed by each defendant.

There are elements involved in the crime denounced by section 265 which are not necessarily a part of the crime covered by section 261, and a conviction under both of these

sections has been sustained in this state. (*People* v. *Neal*, 65 Cal.App.2d 160 [150 P.2d 13].) A clear distinction in this regard here appears. Under the wording of section 265 a person may be guilty of the offense there denounced even though the actual defilement is accomplished by another. In the instant case, each of the appellants not only defiled the complaining witness himself but also assisted in compelling her to be defiled by each of the others. Apart from this activity in support of the others, each also committed a rape. Each of the appellants was thus guilty of several separate and distinct offenses, as charged in the information.

Aside from the contention that only one offense was committed by each, no reason is advanced for the claim that the court erred in ordering that the respective sentences run consecutively instead of concurrently. This was a matter to be determined by the trial judge (Pen. Code, § 669), and was one within the discretion of the trial court. (*People* v. *Hirschbein*, 16 Cal.App.2d 458 [60 P.2d 532].) No abuse of that discretion here appears. (*People* v. *Albori*, 97 Cal.App. 537 [275 P. 1017].)

The judgment as to each defendant is affirmed.

Marks, J., concurred.