App.2d 640, 645 [184 P.2d 738] ; *Estate of Wirt,* 207 Cal. 106, 111 [277 P. 118].)

The judgment appealed from is reversed.

Ward, J., and Bray, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied January 26, 1950. Shenk, J., Carter, J., and Schauer, J., voted for a hearing.

[Crim. No. 2604. First Dist., Div. Two. Nov. 28, 1949.]

THE PEOPLE, Respondent, v. JOSEPH FINKEL, Appellant.

Joseph Finkel, in pro. per., for Appellant.

Fred N. Howser, Attorney General, David K. Lener, Deputy Attorney General, Edmund G. Brown, District Attorney, and Francis Mayer, Assistant District Attorney, for Respondent.

NOURSE, P. J.—The appellant herein was convicted in a jury trial, on a single indictment containing 13 counts, of six counts of felony, to wit, three of burglary, one of rape, one of robbery and one of assault with intent to commit rape, and of one count of simple assault. The offenses were committed against three individuals on three separate occasions. On each occasion there was a burglary and an attack on the person of a female inhabitant, and on one occasion moreover a robbery. On February 11, 1944, defendant was in one judgment sentenced to imprisonment at San Quentin for the period prescribed by law with respect to the six felony counts, the six sentences to run consecutively, and to five months in the county jail for the simple assault, sentence to run concurrently with time already served. On appeal the judgment was affirmed by this court (*People* v. *Finkel,* 70 Cal.App.2d 508 [161 P.2d 298]) and appellant's petition for a hearing by the Supreme Court was denied September 13, 1945.

On April 25, 1949, appellant filed in the superior court a motion to annul, vacate and set aside the portion of the judgment ordering consecutive terms of imprisonment, on the ground that the trial court was without jurisdiction to order terms of imprisonment to run consecutively where all were

imposed by a single judgment and because of other circumstances to be stated hereafter. From the order denying said motion to annul, this appeal is taken by appellant in propria persona.

▇ Respondent argues that appellant cannot show any defect in the original judgment of February 11, 1944, as it was not made part of the record in this case. We think it expedient to take judicial notice of the transcript of the judgment contained in our record on the first appeal (*Hammell* v. *Britton,* 19 Cal.2d 72, 75 [119 P.2d 333]; *City of Los Angeles* v. *Abbott,* 217 Cal. 184, 193 [17 P.2d 993]), the more so as the text of the judgment is undisputed and quoted in respondent's brief.

It seems doubtful whether the remedy of a motion to annul was available to defendant and whether the order denying such motion is appealable. (See *People* v. *Flohr,* 30 Cal.App. 2d 576, 578 [86 P.2d 862]; *People* v. *Scranton,* 50 Cal.App. 2d 492 [123 P.2d 132].) However, as the denial was clearly correct on the merits, we prefer to base our decision on that ground, without determining the preliminary questions mentioned.

▇ For his contention that the trial court lacked jurisdiction to order terms of imprisonment to run consecutively when all are imposed in one judgment appellant relies on the text of section 669 of the Penal Code, which, as far as it is pertinent here, reads: ''When any person is convicted of two or more crimes, whether in the same proceeding or court or in different proceedings or courts, and whether by judgment rendered by the same judge or by different judges, *the second or other subsequent judgment* shall direct whether the terms of imprisonment or any of them to which he is sentenced shall run concurrently, or whether the imprisonment to which he is or has been sentenced upon the second or other subsequent conviction shall commence at the termination of the first term of imprisonment to which he has been sentenced, or at the termination of the second or subsequent term of imprisonment to which he has been sentenced, as the case may be. . . .'' (Italics ours.) He argues that the use of the words ''the second or other subsequent judgment'' excludes the power to make sentences run consecutively when they are contained in one single judgment. The section has never been construed in that manner (see for recent example of consecutive terms imposed in a single judgment *People* v. *Holman,* 72 Cal.App. 2d 75, 100 [164 P.2d 297]; *People* v. *Rivas,* 85 Cal.App.2d

540 [193 P.2d 151]; *People* v. *Palacio,* 86 Cal.App.2d 778 [195 P.2d 439]) and should not be so construed. It cannot be the intention of the Legislature that so substantially different effects as the possibility or impossibility of consecutive terms should depend on the mere choice of the form in which sentence is pronounced, in a single or in separate judgments. (Compare *People* v. *Carr,* 6 Cal.2d 227, 230 [57 P.2d 489].) The beginning of the section clearly shows the legislative intent that the discretion of the court to make terms of imprisonment run concurrently or consecutively shall exist in all cases "When any person is convicted of two or more crimes, whether in the same proceeding or court or in different proceedings or courts, and whether by judgment rendered by the same judge or by different judges. . . ." This statement of the field covered by the section includes the situation existing in this case. The further reference to "the second or other subsequent judgment" as the means by which the discretion should be exercised cannot be intended to restrict the wide extent stated. If the Legislature should have intended such purposeless restriction it would have said so expressly, not by indirection. That no such result was intended becomes still clearer when the present text is compared to the one which it replaces. The part of the section quoted was introduced in the code by an amendment of 1935 (Stats. 1935, p. 1670). Prior to this amendment section 669 read:

"When any person is convicted of two or more crimes, *the judgment* shall direct whether the terms of imprisonment or any of them to which he is sentenced shall run concurrently or whether the imprisonment to which he is or has been sentenced upon the second or other subsequent conviction shall commence at the termination of the first term of imprisonment to which he has been sentenced, or at the termination of the second or subsequent term of imprisonment to which he has been sentenced, as the case may be." (Stats. 1931, p. 1052.) (Italics ours.)

Obviously the purpose of the 1935 amendment insofar as here quoted was to clarify the intention that the discretion to order concurrent or consecutive serving of sentence was not limited to sentences pronounced in one judgment, as might be mistakenly derived from the use of the words "the judgment" in singular in the 1931 text. It would be absurd to assume that the 1935 amendment purported moreover to exclude the only situation covered without any uncertainty in the 1931 text. A reasonable interpretation in accordance with

the obvious legislative intent requires that in this section the expression "the second or other subsequent judgment" be read as meaning "the sentence on the second or other subsequent conviction, whether contained in a single or in separate judgments," notwithstanding the fact that in general the sentences on different counts of an indictment when pronounced as one entity are considered to constitute one single judgment (*People* v. *Ryan*, 74 Cal.App. 125, 132 [239 P. 419].)

Appellant's other arguments are wholly without merit and require no detailed discussion. He refers to section 654 Penal Code, which section only prohibits cumulative sentences where one specific act is made punishable in different ways by different provisions of the code, but does not contend that more than one of the sentences which he received were for one and the same act. To the contrary he states that the different counts of the indictment charged "separate and distinct offenses." This seems correct. It has been held that burglary and robbery or burglary and larceny are separate offenses for each of which defendant can be punished (*People* v. *Snyder*, 74 Cal.App. 138 [239 P. 705]; *People* v. *Shaffer*, 81 Cal.App. 752 [254 P. 666]; *People* v. *Taylor*, 4 Cal.App.2d 214, 218 [40 P.2d 870]) and the same applies equally to the combination of burglary or robbery with rape or assault. But then the provision of section 654 is not applicable. Appellant states in this respect that his demurrer to the indictment on the ground that the charge was not in accordance with section 954, Penal Code, had been overruled upon the argument of counsel for the People that the several counts contained in the indictment arose "out of the same set of facts." Even if we could on this appeal take cognizance of those facts, which do not appear from the judgment roll or from the record at all, they would be irrelevant as to the applicability of section 654. Section 954, Penal Code, permits the use of one indictment with separate counts not only in the situation covered by section 654 but wider, where two or more different offenses are connected together in their commission or belong to the same class. The fact that the indictment was upheld is therefore no indication of the applicability of section 654 and the statement that the counts arose "out of the same *set of facts*," whatever that may mean, does not point to the existence of only one act punishable in different ways, apart from the fact that the argument of counsel is at any rate not decisive.

Appellant seems to argue also that the court lacked jurisdiction to impose cumulative sentences because defendant had

been limited to ten peremptory challenges of jurors as upon a trial for a single offense. There is no relation between that power and any limit on peremptory challenges whether correct or not.

The question whether the overruling of the demurrer to the indictment and the limiting of the number of challenges were themselves correct is no part of the case before us, which is only concerned with the power of the court to order consecutive terms of imprisonment. Other arguments of appellant which do not purport to sustain the illegality of the consecutive terms but only to strengthen appellant's general moral position do not require mention.

Order affirmed.

Goodell, J., and Dooling, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 27, 1949.