[Crim. No. 7266.    Second Dist., Div. One.    Mar. 20, 1961.]

THE PEOPLE, Respondent, v. ALFRED VASQUEZ, Appellant.

Crispus A. Wright for Appellant.

Stanley Mosk, Attorney General, Doris H. Maier and John F. Foran, Deputy Attorneys General, for Respondent.

WOOD, P. J.—Defendant Alfred Vasquez was accused in counts 1, 2 and 3 of an information with the crime of rape allegedly committed, on December 19, 1959, with force and violence upon Linda, a 15-year-old girl. Also in those counts boys by the names of Montoya, Ramos, and Marquez were accused of the same offense. In counts 4, 5, and 6 of that information the defendant Vasquez was accused of rape allegedly committed, on December 19, 1959, with force and violence upon Sharon, a 14-year-old girl. Also in counts 4, 5, and 6 the other boys above referred to and another boy by the name of Herrera were accused of the same offense. In counts 7 and 8 of that information defendant Vasquez and the other boys, except Herrera, were accused of violating section 288a of the Penal Code.

In a jury trial of the charges against Vasquez and Herrera, Vasquez was found guilty on four counts of statutory rape, a lesser offense included within the crime of forcible rape charged in counts 1, 4, 5, and 6. Vasquez was found not guilty as charged in counts 2, 3, 7, and 8. Herrera was found not guilty of the three counts charged against him. (Each of the other defendants pleaded guilty to two counts of statutory rape.)

Vasquez appeals from the judgment and sentence. He contends that the evidence was insufficient to support the verdicts.

In the evening of December 18, 1959, Linda and Sharon were in a restaurant in Los Angeles until 9 p. m. when they and two boys proceeded to the home of appellant Vasquez where a social gathering or party was being held in the garage. Eight boys and seven girls were present. Appellant mixed and poured drinks. Linda and Sharon drank and danced at the party. About 12 o'clock appellant, Linda, Sharon and others went to Herrera's home where the drinking and dancing continued. Linda and Sharon requested appellant to take them to their homes. About 3 a. m. Linda, Sharon and another girl, and appellant Vasquez and five other boys (including the other defendants) entered an automobile. The automobile was driven into a field at the Lopez Ranch where the automobile stopped and all the boys got out of the automobile. Linda testified that, after she was out of the automobile, Montez (one of the boys) hit her in the face, pushed her to the ground, and took off her clothes; that appellant and three of the other boys then had sexual intercourse with her; while the acts of intercourse were occurring some of the other boys held her legs. Sharon testified that Montez hit her about four

times and pushed her to the ground; someone tore her under-clothes off and then put her on a car seat which had been removed from the car; appellant then had sexual intercourse with her, and during that time two other boys held her feet; then seven other boys had sexual intercourse with her; while Herrera and some of the other boys were having intercourse with her, two of the other boys held her legs; after those acts she screamed and yelled at everyone, and appellant tried to quiet her.

Linda testified further that after those acts had been committed everyone went to the car and returned to appellant's garage; she was unable to walk and was carried into the garage and placed on a couch; while she was on the couch, Montoya had sexual intercourse with her, and at that time appellant was sitting in a chair and was looking at them.

About 7 a. m. on December 19, the girls left the garage and went to the home of Sharon's aunt. Linda was 15 years of age, and Sharon was 14 years of age, at the time said acts were committed. Neither of those girls was married to Vasquez or to any other boy who had intercourse with her.

Deputy Sheriff Moore testified that he was an investigating officer in this case; appellant was arrested in the afternoon of December 19; he (witness) had a conversation with appellant at a sheriff's station, and at that time a recording secretary was present; the deputy asked appellant concerning the charges made against him; the statement made by appellant at that time was reduced to writing by the secretary; the appellant read the typed statement, corrected two typograph-ical errors thereon, and signed the statement.

The statement signed by appellant was in substance that there was a party at his garage where about ten girls and ten "guys" were present and there was a little drinking; at 12 o'clock they went to Charley's (Herrera's) house and stayed until 2 o'clock; then Abby (Marquez) took "us from there to the Lopez Ranch and there were three girls and seven or eight guys in the car; and then a lot of guys had intercourse with Sharon and Linda"; "I confessed I had intercourse with Sharon one time and then Abby gave us all a ride toward my house and dropped Sharon and Linda off and this guy named Eddy had intercourse with Linda" while they were in the garage; about 25 minutes thereafter the two girls left his house; he (appellant) was picked up by the officers about three hours later; he had read the statement, and it was

made by him freely and voluntarily, and it is true. (The statement was received in evidence as Exhibit 1.)

Appellant testified that he was at the party in his garage; he took some of the girls to the party at Herrera's house; he was in the automobile which Marquez drove into a field at the Lopez Ranch; the car stopped in the field, and while the car was there appellant spent the entire time repairing the car; he did not have sexual intercourse with Linda or Sharon, and he did not see any one have intercourse with either of them; he signed the written statement (Exhibit 1) but he cannot read.

In rebuttal, Deputy Sheriff Moore testified that he heard appellant make the statement which was later transcribed; the statement was taken in shorthand by the recording secretary and was transcribed exactly the way appellant had made the statement. Also in rebuttal, Miss Schindler, the secretary, testified that she made shorthand notes of appellant's statement, and that the typewritten statement is a verbatim transcript of what he said.

Appellant's argument, with reference to his contention as to alleged insufficiency of the evidence, is to the effect: that the two girls had been drinking that evening and their testimony is not reliable; that the girls had discussed the story they were going to tell their parents about being out all night; that accepting the word of the two young girls who had been drinking and wanted an excuse to give to their parents seems unfair to appellant; that since appellant cannot read, the confession was not valid; Sharon testified to only one act of intercourse with appellant, and there is no evidence that he aided or abetted any person in an act of sexual intercourse with Sharon or with Linda.

As to count 1, wherein the charge was rape of Linda, she testified that appellant had an act of sexual intercourse with her.

As to count 4, wherein the charge was rape of Sharon, she testified that appellant committed an act of sexual intercourse with her.

As to counts 5 and 6, wherein the charge was rape of Sharon, the evidence shows that seven persons other than appellant had sexual intercourse with Sharon and that while those acts by other persons were being committed there were two persons who were holding her legs and other persons were present. In his written statement, appellant admitted that he had had sexual intercourse with Sharon when the several

boys were at the ranch, and that on that occasion "a lot of guys had sexual intercourse with Sharon and Linda." It could be inferred from the evidence that appellant aided and abetted in those acts. The claim of appellant that he could not read or understand the statement which he signed was refuted by the testimony of the deputy sheriff and the recording secretary, and apparently the jury disbelieved appellant. The evidence was sufficient to support the verdicts.

█ Appellant also contends that "the sentence rendered by the court" was contrary to law. The court sentenced appellant to imprisonment in the county jail for one year on said counts—the sentences as to counts 1 and 4 to run consecutively, and the sentences as to counts 5 and 6 to run concurrently with each other and concurrently with counts 1 and 4. Appellant argues that the evidence as to guilt, if true, indicated that all the counts "were a part of one overall transaction" and that the sentence of one year on all counts should have been made to run concurrently with count 1. The evidence shows that count 1 pertained to Linda, and that counts 4, 5, and 6 pertained to Sharon—that is, different victims were involved. Also, as to counts 4, 5, and 6, the acts of intercourse were perpetrated by different persons. The offenses were separate offenses. █ Whether sentences are to run consecutively or concurrently is a matter for the determination of the trial judge. (*People* v. *Palacio*, 86 Cal.App.2d 778, 780 [195 P.2d 439].)

█ Affirmance of the judgment carries with it affirmance of the sentence.

The judgment is affirmed.

Fourt, J., and Lillie, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 16, 1961.