Filed 2/18/14  P. v. Hearon CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B249335 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No.  BA251403) |
| v. | |
| STEVE HEARON, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Affirmed.

California Appellate Project, Jonathan B. Steiner, Executive Director and Dee A. Hayashi, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Respondent.

In the underlying action, the trial court denied appellant Steve Hearon's motion under Penal Code section 1170.126, which permits specified defendants sentenced as three strike offenders to be resentenced pursuant to the Three Strikes Reform Act of 2012 (Reform Act).[1]  After an appeal was noticed from that ruling, appellant's court-appointed counsel filed an opening brief raising no issues. Following our independent examination of the entire record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), we conclude that no arguable issues exist and, accordingly, affirm.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

In February 2004, a three-count information was filed, charging appellant in count 1 with making criminal threats (§ 422), in count 2 with battery inflicting serious bodily injury (§ 243, subd. (d)), and in count 3 with assault by means likely to produce great bodily injury (§ 245, subd. (a)(1)).  Accompanying the charges were allegations that appellant had suffered three prior strikes under the "Three Strikes" law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), and three prior felony convictions (§ 667, subd. (a)(1)).

At trial, the prosecution presented evidence that appellant approached James Collins, who was speaking on a public telephone, and punched him with both hands, thereby causing factures and other injuries to Collins's face and nose.  A

---

[1]    All further statutory references are to the Penal Code.

[2]    As appellant has submitted a letter brief raising contentions related to his prior appeal from his judgment of conviction, we take judicial notice of our opinion in that appeal (*People v. Hearon* (Jan. 18, 2006, B176310) [nonpub. opn.]).  (Evid. Code, §§ 452, subd. (a), 459, subd. (a); see *People v. Lockwood* (2013) 214 Cal.App.4th 91, 95, fn. 2; *People v. Finkel* (1949) 94 Cal.App.2d 813, 815, disapproved on another ground in *People v. McFarland* (1962) 58 Cal.2d 748, 762.)  Our statement of facts is based, in part, on that opinion.

jury found appellant guilty of battery with serious bodily injury (count 2) and assault by means likely to produce great bodily injury (count 3), but found him not guilty of making criminal threats (count 1).  The jury also found true the allegation that he had suffered convictions for three prior felonies:  second degree murder in 1988, second degree robbery in 1978, and first degree robbery in 1977.  The trial court imposed a term of 25 years to life under the Three Strikes law on count 2, and stayed the imposition of punishment on count 3 (§ 654).  In an unpublished opinion, we affirmed appellant's judgment of conviction.

In 2012, the electorate enacted the Reform Act by approving Proposition 36.  (*People v. Yearwood* (2013) 213 Cal.App.4th 161, 169-170 (*Yearwood*).)  The Reform Act amended the Three Strikes law to provide that absent specified exceptions, an offender with two or more prior strikes is to be sentenced as a two strike offender unless the new offense is also a strike, that is, a serious or violent felony.[3]  (See *Yearwood, supra,* 213 Cal.App.4th at pp. 169-170.)  The Reform Act also added section 1170.126, which creates a postconviction resentencing proceeding for specified inmates sentenced under the prior version of the Three Strikes law.  (*Yearwood, supra,* at pp. 169-170.)

On February 15, 2103, appellant filed a petition for resentencing under section 1170.126.  On March 19, 2013, the trial court denied the petition with prejudice, concluding that appellant's prior conviction for murder rendered him ineligible for relief under that provision.  This appeal followed.[4]

---

[3]     Generally, an offense is a "strike" if it is either a "violent felony" under section 667.5, subdivision (c), or a "serious felony" under section 1192.7, subdivision (c).  (*People v. Blackburn* (1999) 72 Cal.App.4th 1520, 1525.)

[4]     The appealability of the denial of a petition under section 1170.126 is presently before the Supreme Court.  (*Teal v. Superior Court* (2013) 217 Cal.App.4th 308, review granted July 31, 2013, S211708.)  Nonetheless, the trial court's ruling appears to be an
*(Fn. continued on next page.)*

## DISCUSSION

After an examination of the record, appellant's court-appointed counsel filed an opening brief raising no issues, and requested this court to review the record independently pursuant to *Wende*. In addition, counsel advised appellant of his right to submit by supplemental brief any contentions or argument he wished the court to consider. In response, appellant has submitted a letter brief identifying several potential issues. As explained below, our independent review of the record discloses "no arguable errors that would result in a disposition more favorable to [appellant]." (*People v. Alford* (2010) 180 Cal.App.4th 1463, 1467.)

Appellant contends he is eligible for resentencing under section 1170.126. We disagree. Under that statute, "[a] prisoner is eligible for resentencing as a second strike offender if all of the following are shown: (1) the prisoner is serving an indeterminate life sentence for a crime that is not a serious or violent felony; (2) the life sentence was not imposed for any of the offenses appearing in sections 667, subdivision (e)(2)(C) and 1170.12, subdivision (c)(2)(C); and (3) the inmate has no prior convictions for any of the offenses appearing in clause (iv) of section 667, subdivision (e)(2)(C) or clause (iv) of section 1170.12, subdivision (c)(2)(C)." (*Yearwood*, *supra*, 213 Cal.App.4th at p. 170; § 1170.126, subd. (e).) Here, the trial court found that appellant did not satisfy requirement (3).

The record conclusively supports that determination. Under requirement (3), inmates are not eligible for resentencing if they have suffered "a prior serious and/or violent felony conviction" for "[a]ny homicide offense . . . defined in [s]ections 187 to 191.5, inclusive." (§§ 667, subd. (e)(2)(C)(iv)(IV), 1170.12,

---

appealable order after judgment under *People v. Totari* (2002) 28 Cal.4th 876. There, the Supreme Court stated that the denial of a statutory motion to vacate a judgment of conviction is ordinarily appealable when the motion is based on a ground not reviewable in an appeal from the judgment. (*Id.* at p. 882.)

4

subd. (c)(2)(C)(iv)(IV).) At appellant's 2004 trial, the jury determined that appellant "was previously convicted of a violation of . . . [s]ection 187, [m]urder, a felony, on or about October 27, 1988."[5] The trial court thus correctly denied appellant's petition for resentencing under section 1170.126.

Appellant also identifies several potential issues that cannot be resolved in the appeal before us. Ordinarily, in an appeal from an order following a judgment of conviction, a criminal defendant is precluded from asserting contentions "that could have been reviewed on timely appeal from the judgment." (*People v. Howerton* (1953) 40 Cal.2d 217, 220.) Among the contentions that may not be raised are challenges to the sufficiency of the evidence supporting the judgment. (*Ibid*.) Here, appellant asserts that the offense underlying his 1988 murder conviction was actually voluntary manslaughter. Nothing before us supports that contention, as the limited record on appeal contains none of the evidence submitted at appellant's trial. Because appellant's contention attacks the sufficiency of the evidence supporting the jury's finding that he had suffered a conviction for murder, it is beyond the scope of our review.

Additionally, appellant contends a three strike sentence was improperly imposed on his conviction for battery with serious bodily injury because that offense is neither a violent nor serious felony. However, for purposes of the Three Strikes law, battery with serious bodily injury constitutes a serious felony when the prosecution establishes that the defendant personally inflicted the injury. (*People v. Bueno* (2006) 143 Cal.App.4th 1503, 1508.) Because appellant's contention requires an inquiry into the evidence presented at his trial, it is not cognizable in

---

[5] We note that second degree murder is both a "violent felony," as defined under section 667.5, subdivision (c), and a "serious felony," as defined in section 1192.7, subdivision (c). (*People v. Carmony* (2005) 127 Cal.App.4th 1066, 1081; *People v. Eshelman* (1990) 225 Cal.App.3d 1513, 1515, 1524.)

this appeal.

We reach a similar conclusion regarding appellant's related contention, namely, that his appellate counsel rendered ineffective assistance during his prior appeal by failing to argue that the battery in question constituted neither a violent nor a serious felony. Generally, claims of ineffective assistance are not properly raised in an appeal when the record sheds no light on counsel's decisions. (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266.) That is the case here. In sum, because the record demonstrates that appellant's petition was properly denied, we conclude that no arguable issues exist. (*People v. Wende*, *supra*, 25 Cal.3d at p. 441.)

**DISPOSITION**

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


MANELLA, J.


We concur:



WILLHITE, Acting P. J.



EDMON, J.*

---

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.