Filed 11/3/15  P. v. Munns CA2/4

## **NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B261382 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No.  SA041069) |
| v. | |
| RICHARD BOVEAIR MUNNS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County. William C. Ryan, Judge.  Affirmed.

Jonathan B. Steiner, Executive Director for California Appellate Project and Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Respondent.

In the underlying action, the trial court denied appellant Richard Boveair Munn's motion under Penal Code section 1170.126, which permits specified defendants sentenced as three strike offenders to be resentenced pursuant to the Three Strikes Reform Act of 2012 (Reform Act).[1]  After an appeal was noticed from that ruling, appellant's court-appointed counsel filed an opening brief raising no issues.  Appellant has submitted a supplemental brief, together with an apparent request that we treat his brief as a petition for writ of habeas corpus.  Regarding the appeal, following our independent examination of the entire record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), we conclude that no arguable issues exist, and affirm the denial of the petition for resentencing.  For similar reasons, we decline to treat the appeal as a petition for writ of habeas corpus.

**RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**[2]

In 2002, a jury convicted appellant of home invasion robbery (§ 211), kidnapping for ransom (§ 209, subd. (a), assault with a deadly weapon (§ 245, subd. (a)), and two counts of conspiracy.  The trial court found that appellant had suffered four strikes under the "Three Strikes" law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) in 1985, and denied his motion under *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 to strike those strikes.  The trial court imposed a

---

[1]     All further statutory references are to the Penal Code.

[2]     As the opening brief refers to our opinion in appellant's prior appeal from his judgment of conviction, we take judicial notice of that opinion (*People v. Munns* (Aug. 6, 2004, B162883) 2004 Cal.App.Unpub. LEXIS 7334).  (Evid. Code, §§ 452, subd. (a), 459; see *People v. Lockwood* (2013) 214 Cal.App.4th 91, 95, fn. 2; *People v. Finkel* (1949) 94 Cal.App.2d 813, 815, disapproved on another ground in *People v. McFarland* (1962) 58 Cal.2d 748, 762.)  Our statement of facts is based, in part, on that opinion.

term of 27 years to life under the Three Strikes law on his conviction for home invasion robbery.

In affirming appellant's judgment of conviction, this court rejected his challenge to the denial of the *Romero* motion, stating: "As noted by the trial court, [appellant's] four 1985 robbery convictions, which were the product of a crime spree, involved the use of a gun[,] and in 1982 he had suffered a conviction or juvenile conviction for auto tampering. [¶] [Appellant] did not learn his lesson, because he committed the current theft-related crimes." (*People v. Munns*, *supra*, 2004 Cal.App. Unpub. LEXIS at *63.)

In 2012, the electorate enacted the Reform Act by approving Proposition 36. (*People v. Yearwood* (2013) 213 Cal.App.4th 161, 169-170.) The Reform Act amended the Three Strikes law to provide that absent specified exceptions, an offender with two or more prior strikes is to be sentenced as a two strike offender unless the new offense is also a strike, that is, a serious or violent felony.[3] (See *ibid.*) The Reform Act also added section 1170.126, which creates a postconviction resentencing proceeding for specified inmates sentenced under the prior version of the Three Strikes law. (*Yearwood, supra,* 213 Cal.App.4th at pp. 169-170.)

On September 12, 2014, appellant filed a petition for resentencing under section 1170.126. In seeking resentencing, he also challenged the sentence imposed on him as a three strike offender. Relying on *People v. Vargas* (2014) 59 Cal.4th 635, 638-639 (*Vargas*), appellant argued that "[t]reating [the 1985 robbery convictions] as separate strikes is inconsistent with the spirit of the Three Strikes

---

[3]     Generally, an offense is a "'strike'" if it is either a "'violent felony'" under section 667.5, subdivision (c), or a "'serious felony'" under section 1192.7, subdivision (c). (*People v. Blackburn* (1999) 72 Cal.App.4th 1520, 1525.)

3

Law . . . , and the trial court should have dismissed [t]hree of them and sentenced [him] as if [he] had only [o]ne, not [f]our qualifying strike[] convictions." On September 18, 2104, the trial court denied the petition with prejudice, concluding that appellant's convictions for home invasion robbery and kidnapping rendered him ineligible for resentencing under the Reform Act. This appeal followed.

## DISCUSSION

After an examination of the record, appellant's court-appointed counsel filed an opening brief raising no issues, and requested this court to review the record independently pursuant to *Wende*. In addition, counsel advised appellant of his right to submit by supplemental brief any contentions or argument he wished the court to consider. In response, appellant submitted a supplemental brief and other documents, including what appears to be a request that we consider the appeal to be -- or to be accompanied by -- a petition for writ of habeas corpus.[4]

Regarding the appeal, our independent review of the record discloses no error in the trial court's determination that appellant is ineligible for resentencing under section 1170.126. Under that statute, a defendant is eligible for resentencing if he or she is serving an indeterminate term of life imposed under the Three Strikes Law "for a conviction of a felony or felonies that are *not* defined as serious and/or violent felonies by subdivision (c) of [s]ection 667.5 or subdivision (c) of [s]ection 1192.7." (§ 1170.126, subd. (e)(1), italics added; *People v. Brimmer*

---

[4] In July 2015, appellant submitted a request for appointment of counsel, which was returned to him because he already had appointed counsel on appeal. Later, on August 7, 2015, this court received a copy of a petition for writ of habeas corpus filed in superior court, together with a copy of an order denying that petition. On September 9, 2015, appellant filed in this proceeding a document entitled "Clarification &/or Resubmission of Improperly Rejected Motion for Appointment of Counsel," which states in part "[O]ur submission . . . is not a matter on appeal . . . but, rather, is a petition (newly filed) by us in this [court]."

(2014) 230 Cal.App.4th 782, 788.) As the trial court noted, appellant does not satisfy that requirement because the offense for which he received the "three strikes" sentence -- namely, his 2002 conviction for home invasion robbery -- is defined as a violent felony in subdivision (c)(9) of section 667.5.

Appellant's supplemental brief identifies several potential issues predicated on his contention that under *Vargas*, his 1985 robbery convictions were improperly treated as four separate strikes, rather than as a single strike. He maintains that the trial court, in ruling on his petition for resentencing, improperly ignored his contention under *Vargas*, denied him an adequate opportunity to support it, and conducted no examination of the record of conviction sufficient to resolve it. Appellant also maintains that in this appeal, his appointed counsel has performed deficiently by failing to assert or investigate his contention under *Vargas*. As explained below, nothing before us suggests (1) that appellant's sentence was unlawful under *Vargas*, (2) that the trial court erred in denying his petition for resentencing, or (3) that his appellate counsel has rendered ineffective assistance.

In *Vargas*, our Supreme Court concluded that in a certain "extreme" or "extraordinary" situation, two felonies individually classifiable as strikes may be treated only as a single strike, for purposes of the Three Strikes law. (*Vargas*, *supra*, 59 Cal.4th at pp. 639-640, 649.) There, the defendant was convicted of first degree burglary, and sentenced as a three strike offender on the basis of two prior convictions for carjacking and robbery predicated on the same act of force against the same victim. (*Id*. at pp. 639-640.) The sole question before the Supreme Court was whether the trial court, in imposing the three strikes sentence, improperly denied the defendant's request to dismiss one of the prior convictions as a strike. (*Id*. at p. 640.) The court observed that two convictions may qualify as separate strikes even though they were adjudicated in the same trial, or arose from a single course of conduct, for purposes of section 654. (*Vargas*, *supra*, at pp. 638-639.)

5

The court nonetheless held that under the Three Strikes law, one of two convictions must be dismissed when the offenses arose out of a single act against a single victim. (*Id*. at pp. 637, 649.)

Nothing before us supports the existence of arguable error in appellant's sentence under *Vargas*. Generally, an unauthorized sentence may be corrected at any time, but only when the record demonstrates the error in the sentence, without necessitating further factual determinations. (*People v. Smith* (2001) 24 Cal.4th 849, 852.) Before the trial court and on appeal, appellant has neither shown nor alleged facts showing that his four 1985 robbery convictions arose from a single act against a single victim. Although his petition for resentencing asserted that his robberies involved "a single act," it argued that because the convictions were predicated on a plea agreement, the circumstances surrounding the crimes were never resolved by a jury or other fact finder. On appeal, appellant appears to acknowledge that the convictions do not involve the extraordinary circumstances set forth in *Vargas*, but argues that they qualify as a single strike because they were based on a plea agreement, stating: "While it is true that [appellant] had a prior conviction that involved more than one victim, his plea deal involved comb[in]ing these cases as if they were one case. [Appellant] contends that is why he only received one sentence for these robberies. These prior cases were either dropped or stayed, and only count as one robbery." Appellant has thus failed even to allege facts which -- if found to be true -- would show that the 1985 robbery convictions fall under *Vargas*.[5]

---

[5]    We note that appellant's petition for resentencing appears to challenge his original three strikes sentence on grounds unrelated to *Vargas* that also hinge on his contention that the four 1985 robbery convictions involved "a single act." The petition suggests that because his 1985 robbery convictions involved a single act, they were improperly used to enhance his sentence, and that section 654 barred the imposition of multiple punishments
*(Fn. continued on next page.)*

In view of the deficiencies in appellant's contention under *Vargas*, the trial court did not err in disregarding it.  Ordinarily, a trial court lacks jurisdiction to resentence a defendant after execution of sentence has begun.  (*People v. Brown* (2014) 230 Cal.App.4th 1502, 1511 (*Brown*).)  Section 1170.126 establishes a tightly confined procedure enabling specified defendants serving three strike sentences to seek resentencing.  (*Brown, supra,* 230 Cal.App.4th at pp. 1509-1512.)  Under the statute, a court may not resentence defendants unless they meet the specified eligibility criteria.  (*Id*. at pp. 1511-1512.)  The court has no discretion to depart from those criteria, and "if the inmate does not satisfy one or more of [them], section 1170.126 grants the . . . court *no power* to do anything but deny the petition for recall of sentence."  (*Id*. at p. 1511.)  Thus, for example, the court has no authority to strike a prior strike pursuant to *Romero* in ruling on such a petition.  (*Id*. at p. 1514.)  Similarly, the court's inquiry regarding the eligibility criteria is limited.  (*People v. Bradford* (2014) 227 Cal.App.4th 1322, 1336-1337.)  The court's task is to make a factual determination regarding eligibility, based on an examination of the record of conviction.  (*Id*. at pp. 1336-1340.)  Although the defendant is entitled to submit briefing on the question of eligibility, the court is not obliged to hold a formal hearing on that issue.  (*Id*. at pp. 1341-1342.)

Under the circumstances, section 1170.126 mandated the denial of appellant's petition due to his ineligibility for relief.  Appellant's petition failed to allege facts that would establish that his sentence was unlawful under *Vargas*.  The court was thus obliged to confine its inquiry to the issue of appellant's eligibility.  Upon determining that appellant's 2002 home robbery conviction was  a "violent

for them.  However, as appellant has failed to allege the circumstances surrounding the crimes, he has identified no potential illegality in his sentence.  Furthermore, as his contentions could have been raised in his appeal from the judgment of conviction, they are not cognizable in this appeal.  (*People v. Howerton* (1953) 40 Cal.2d 217, 220.)

7

felony" under section 667.5, subdivision (c), the court had "no power to do anything but deny the petition . . . ." (*Brown*, *supra*, 230 Cal.App.4th at pp. 1510, 1512, italics deleted.) Accordingly, appellant's counsel on appeal cannot be regarded as having rendered ineffective assistance by failing to assert appellant's contention under *Vargas* and his related contentions. Generally, counsel is not obliged to raise contentions that are reasonably judged to be futile. (*People v. Price* (1991) 1 Cal.4th 324, 387.) That is the case here.

For similar reasons, we decline to treat appellant's submissions to this court as a petition for writ of habeas corpus. Generally, to secure relief by writ of habeas corpus, a petitioner "bears a heavy burden initially to plead sufficient grounds for relief, and then later to prove them." (*People v. Duvall* (1995) 9 Cal.4th 464, 474, italics deleted.) Here, appellant's submissions lack even minimal factual allegations suggesting his entitlement to relief. In sum, because the record demonstrates that appellant's petition for resentencing was properly denied, we conclude that no arguable issues exist. (*Wende*, *supra*, 25 Cal.3d at p. 441.)

**DISPOSITION**

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


MANELLA, J.


We concur:


EPSTEIN, P. J.


COLLINS, J.