[No. 7,157.—Department Two.]

## H. J. GLENN v. D. H. ARNOLD.

56 631<br>77 37

INSOLVENCY— PARTNERSHIP. — Where partners severally file their petitions in insolvency, the insolvency court acquires no jurisdiction over the estate of the copartnership, and discharges of the individual members of the firm cannot be made operative as to the debts of the firm.

INSUFFICIENCY OF EVIDENCE—DECISION.—Upon a question of fact, unless the evidence is clear and conclusive, a judgment cannot be reversed on the ground of insufficiency of the evidence to justify the decision.

FINDINGS.—The record contained no findings, and no statement showing whether they were waived; *held*, that it will be presumed that the Court found the facts necessary to support the judgment.

APPEAL from a judgment, and order denying a new trial, in the Tenth District Court, Colusa County. KEYSER, J.

The record contains no findings, and nothing to show whether they were waived.

*F. C. Lusk*, for Appellant.

*Jackson Hatch*, and *J. T. Harrington*, for Respondent.

SHARPSTEIN, J. :

This is an action for the recovery of specific personal property. The defendant claims to hold it, as sheriff, by virtue of a levy of certain attachments issued in actions commenced for the recovery of demands against the firm of Campbell & Spurgeon.

The plaintiffs claim, that the property had been transferred to them before said levy by one William Dresbach, in trust for the benefit of his creditors, and that he was entitled to the possession of it under and by virtue of a chattel mortgage executed by said Campbell & Spurgeon to the Capital Savings Bank, and by the said bank, through mesne assignments, to said Dresbach. The personal property described in said mortgage is not such as may be mortgaged under § 2955 of the Civil Code, and unless the mortgagee or its assignee had taken possession of it before the levy of the attachments, that levy would be valid as against any claim under said mortgage. And it was therefore important to determine whether the plaintiffs had reduced said property to their possession before said levy was made. In the absence of any specific finding upon this question, we are bound

to presume that the Court, which rendered its judgment for the defendant, found that the plaintiffs had not acquired possession of said property before the levy of the attachments by the defendant. The question whether they had or not is one of fact; and unless the evidence that they had is clear and conclusive, we cannot reverse the judgment on the ground of insufficiency of the evidence to justify the decision. And we are not satisfied that the evidence upon this point is of that clear and conclusive character which alone could justify our interference with the finding of the Court below upon a question of fact.

After the levy and seizure by the defendant under and by virtue of the aforesaid attachments, but before the trial of this action, Spurgeon and Campbell individually filed their several petitions in insolvency, and were discharged from their debts; and it is claimed, on behalf of appellants, that the attachments issued in the actions commenced against the firm upon partnership indebtedness were thereby discharged; and that the sheriff could not justify the taking of the property under said attachments without proving that there was something due from the defendants to the plaintiffs in the actions in which said attachments were issued; and that this could not be done, because of said discharges. It is well settled, we think, that where parties severally file their petitions in insolvency, that the insolvency court thereby acquires no jurisdiction over the estate of the copartnership, and that discharges of the individual members of the firm cannot be made operative as to the debts of the firm. Whether they would thereby be discharged from individual liability is a question which does not arise in this case. The release authorized by § 24 of the Insolvency Act embraces all the debts and liabilities of the petitioning insolvent. But it does not purport to release the liabilities of firms of which he may be a member. If these views are correct, it follows that the judgment and order appealed from must be affirmed.

Judgment and order affirmed.

THORNTON, J., and MYRICK, J., concurred.