[No. 11063.  Department One. — June 27, 1888.]

A. B. CAMPBELL, RESPONDENT, v. L. F. COBURN. ET AL. E. D. HAYES, APPELLANT.

STATE LANDS — ACTION TO DETERMINE RIGHT OF PURCHASE NOT EQUITA-
   BLE. — An action brought to determine a contest as to the right to pur-
   chase state lands is purely statutory, and not an action in equity.
PRACTICE — APPEAL — FINDINGS — PRESUMPTION OF WAIVER — ERROR FOR
   WANT OF FINDINGS, HOW SHOWN. — Where written findings are neces-
   sary, and do not appear in the record, they will be deemed to have been
   waived; and if they were not, the error, in order to be reviewed, must
   be shown by a bill of exceptions, statement, or other appropriate mode
   whereby the record presents the question. The certificate of the clerk
   that written findings were not waived forms no part of the record, and
   cannot be noticed on appeal.

APPEAL from a judgment of the Superior Court of Del Norte County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*L. F. Cooper,* and *Sawyer & Burnett,* for Appellant.

*R. W. Miller,* for Respondent.

SEARLS, C. J. — Plaintiff and defendant were both applicants to purchase from the state of California the east half of section 16, in township 18 north, of range 1 east, Humboldt meridian. A contest having arisen in the office of the surveyor-general of the state as to which of the applicants was entitled to purchase the land, that officer referred the matter to the court for adjudication, and this action was brought to determine the question. The case was tried by a jury, and resulted in a verdict in favor of plaintiff, upon which judgment was entered. Defendant, Hayes, appeals from the judgment, and from an order denying a new trial. The first point made by appellant is, that the judgment should be reversed for want of findings by the court. This contention proceeds upon the theory that the case at bar is on the equity side of the court, and therefore the verdict of the

jury is insufficient to support a judgment without some affirmative action approving it, and without written findings.

1. Both plaintiff and defendant were applicants for the purchase of the land in question under section 3495 of the Political Code, it being school land. The action provided for, upon a reference by the surveyor-general to the courts, is a statutory action. It does not involve the title to the land, for that is in the state, but the right to purchase and procure such title. This right depends upon the establishment of the facts essential under the statute to give the right, and the application of the law thereto. It involves no equitable doctrine. The frigid rules of the statute are to be applied, and form the basis upon which the parties must stand or fall.

2. The objection does not seem to have been made in the court below, but is raised here for the first time, and is not supported by any bill of exceptions or statement. Where written findings are necessary, and do not appear in the record, they will be deemed to have been waived; and if they were not, the error must be shown by a bill of exceptions, statement, or other appropriate method whereby the record presents the question. (*Mulcahy* v. *Glazier*, 51 Cal. 626; *Reynolds* v. *Brumagim*, 54 Cal. 254; *Glenn* v. *Arnold*, 56 Cal. 631.) The certificate of the clerk that written findings were not waived, forms no part of the record which we can notice. It forms no part of the judgment roll, and has no more verity than would the testimony of witnesses given at the trial, certified in like manner. Except as to matters made a part of the record by statute, the verification of the judge is essential to give validity to the proceedings. The office of a bill of exceptions or statement is to make a record of that without which it would not constitute a record. For these reasons we are of opinion the error is not well assigned.

The evidence in favor of plaintiff at the trial was not

altogether satisfactory; but as there seems to have been some evidence upon every point necessary to support the verdict, we are not warranted in disturbing the judgment. The judgment and order appealed from are affirmed.

PATERSON, J., and TEMPLE, J., concurred.

Hearing in Bank denied.