[Crim. No. 123.   First Appellate District.—October 27, 1908.]

## THE PEOPLE, Respondent, v. WILLIAM JOHNSON, Appellant.

CRIMINAL LAW—ASSAULT TO COMMIT MURDER—COMPETENCY OF WIFE AS A WITNESS.—Under a charge of an assault to commit murder, if the person assaulted was at the time of the assault the wife of the defendant, she is competent to testify against him, but in case she subsequently became married to him before the trial, she cannot testify against him without his consent.

ID.—WOMAN SWORN AS WITNESS—QUESTION AS TO MARRIAGE BEFORE ASSAULT—DEFENDANT NOT PREJUDICED.—The defendant was not prejudiced merely because the woman assaulted was sworn as a witness, and asked if she was the defendant's wife at the time of the assault, when, upon her stating that she could not remember, no further questions were asked.

ID.—APPEAL—DIMINUTION OF RECORD—TESTIMONY OMITTED FROM BILL OF EXCEPTIONS—AMENDMENT NOT PERMISSIBLE.—Upon suggestion of diminution of the record upon appeal, this court has no power to amend the bill of exceptions by inserting therein additional testimony. To allow such amendment and determine the appeal upon the amended records would be not reviewing the action of the trial court, but would be passing upon a different case.

ID.—SEVERITY OF SENTENCE—APPLICATION FOR PROBATION—DISCRETION OF TRIAL COURT.—The severity of the sentence and the determination of an application by the defendant for probation were matters addressed to the sound discretion of the trial court, which will not be interfered with, where it does not appear to have been abused.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, from an order denying a

new trial, from an order denying probation, and from the sentence. William P. Lawlor, Judge.

The facts are stated in the opinion of the trial court.

Daniel O'Connell, and Milton T. U'Ren, for Appellant.

U. S. Webb, Attorney General, for Respondent.

KERRIGAN, J.—The defendant was convicted of the crime of assault to commit murder, and was sentenced to the penitentiary for the term of ten years. This appeal is from the judgment, the order denying defendant's motion for a new trial, the order denying probation and from the sentence.

It is claimed that the trial court committed error in permitting a certain witness to be sworn and to be asked whether she was the wife of appellant (defendant). After having been sworn, no testimony on the subject having yet been introduced, the district attorney, over the objection and exception of the appellant, asked the witness whether or not she was the wife of the appellant at the time of the alleged assault, to which question she responded that she could not remember. Whereupon the district attorney announced that he did not wish to further question the witness, and she gave no other testimony. Section 1322 of the Penal Code declares: "Neither husband or wife is a competent witness for or against the other in a criminal action or proceeding to which one or both are parties, except with the consent of both, or in case of criminal violence upon one by the other. . . ." Under this section, as construed in People v. Curiale, 137 Cal. 534, [70 Pac. 468], if the witness was the wife of appellant at the time of the assault she was competent to testify; whereas if she was not his wife at the time, but (as is claimed in appellant's brief) became such afterward, she could not have testified for or against appellant without his consent. But the record in this case—and even the suggested diminution of the record— fail to show whether the witness was the wife of appellant at the time of the assault, and therefore whether she was competent or not as a witness; and as she gave no testimony against him we are unable to see wherein he was at all injured.

A diminution of the record has been suggested, and it is asked that the court permit the bill of exceptions to be amended by inserting therein certain testimony· under rule XIV of this court (144 Cal. xlvi, [78 Pac. x]), providing that where there is an error or defect in the transcript the proper clerk may be required to certify to the appellate court the whole or part of the record. The court, however, has no power to vary or amend the transcript itself. (*Campbell* v. *Coburn,* 77 Cal. 36, [18 Pac. 860] ; *Thornton* v. *Patterson,* 54 Cal. 546; *Hannah* v. *De Garmo,* 140 Cal. 174, [73 Pac. 830] ; 2 Hayne on New Trial and Appeal, sec. 283.) If we should allow the proposed amendment, and then determine this appeal upon the amended record, we would not be reviewing the action of the trial court, but would be passing upon a different case. (*Satterlee* v. *Bliss,* 36 Cal. 521; *Rogers* v. *Tennant,* 45 Cal. 186.) It may not be improper to say that we have examined the testimony which it is alleged was inadvertently omitted from the bill of exceptions, and we are of the opinion that if the testimony had been incorporated therein our conclusion would be the same, namely, that the court committed no error in regard to the examination of the wife of the appellant.

Appellant further claims that upon the showing made, the sentence was too severe, and that he should have been placed on probation. Without discussing these matters at any greater length than counsel has, we will say that in our opinion these contentions are without merit. They concern matters which rested in the sound discretion of the trial court, which discretion does not appear to have been abused.

The judgment and orders appealed from are affirmed.

Cooper, P. J., and Hall, J., concurred.