[Crim. No. 4208.   In Bank.—July 12, 1939.]

THE PEOPLE, Respondent, v. JOSEPH LARISCY et al., Appellants.

Joe Orloff, Paul Pearlin, Richard Kittrelle and Carl W. Minton for Appellants.

Earl Warren, Attorney-General, and Eugene M. Elson, Deputy Attorney-General, for Respondent.

THE COURT.—Defendants have appealed from convictions of murder of the first degree, upon verdict with no recommendation, and of several counts of robbery of the first degree, and attempted robbery. Defendant Lariscy admitted a prior conviction of felony, and defendant Woollomes admitted two such prior convictions. The jury found that each was armed at the time of the commission of the offenses charged herein. Sentence of death was pronounced against each defendant on the murder counts.

No attack is made on the conviction on the robbery counts. On the murder charges, the evidence is sufficient to sustain the verdicts of murder in the first degree. The record shows that on February 23, 1938, a little after midnight, defendant Lariscy and another man came to the Burp Hollow Cafe on North Western Avenue in Los Angeles. After sitting there for awhile, they arose and Lariscy drew a revolver and announced that it was a ''stick up''. He forced one of the waiters to open the cash register, another waiter and a customer to lie on the floor, and robbed the register. His

companion also threatened those present with his gun. In the course of this robbery, either he or his companion shot and killed the proprietor, Harold A. Thompson, who was behind the bar. Although no witness testified as to exactly what happened at that moment, the events leading up to it and immediately following it were fully covered in the testimony. H. A. Touby, Lester Beeler, and Royal Tipton, employees of the cafe, testified to the facts just related. Beeler was the waiter who was compelled to lie down on the floor. Tipton was the waiter forced to open the cash register. Mrs. Samuels, a customer, and Alva Epperson, an entertainer, also observed the affair and gave similar testimony.

The identification of Lariscy was positive. That of Woollomes was not quite as strong, but was sufficient. Touby thought Lariscy's companion "resembled" Woollomes except that he seemed heavier. Evelyn Morehead, a waitress, whose testimony at the preliminary examination was read into the record, said that Woollomes looked "very familiar". Mrs. Samuels also thought the man resembled Woollomes. Epperson thought Woollomes was the man who shot Thompson, and Tipton identified Woollomes positively, as one of the two men who robbed the place. He also testified that at the time of the shot he saw Woollomes in front of the bar with smoke coming out of the barrel of his gun.

It is unnecessary to discuss the robbery counts other than to state that the verdicts on these were likewise supported by sufficient testimony.

The alleged errors in the trial are few and may be briefly noticed. The first one is the refusal of the court to grant defendants' motion to exclude witnesses from the courtroom during the testimony of other witnesses. No reason was offered for the motion save the suggestion that the evidence of one might influence the others. The court observed that they had testified in the preliminary examination; that their testimony had been transcribed; that there was more likelihood of influence outside in the hall than in the courtroom; and denied the motion for lack of a sufficient showing of necessity. The matter being one within the sound discretion of the court, this was not error.

It is next asserted that the trial court misquoted testimony by stating that the witness Touby had testified that

"the man with Lariscy resembled Mr. Woollomes very much, but he seemed heavier". Touby's actual testimony was: "He resembled him very much, with the exception that he was heavier than Mr. Woollomes . . . " The court's statement was obviously correct.

It is said that the court unjustly criticised counsel for defendant Woollomes. In this instance the record merely shows that an objection was sustained to a question, the court observing that he did not see its materiality, that it seemed "to be directed to a criticism of the officers". There was no misconduct in this.

It is also contended that the court erred in refusing a proffered instruction that the defendants did not have to take the witness stand; but in view of the fact that defendants did in fact take the stand, the instruction would have been irrelevant and confusing. The court fully instructed the jury in the usual manner on the presumption of innocence and burden of proof.

Another instruction refused was to the effect that in the event both defendants were found guilty it was not necessary that each suffer the same penalty. The jury was, however, properly instructed that each defendant could be convicted or acquitted of any of the charges, and that it was entirely for the jury to determine the penalty.

There was, finally, a motion for new trial on the ground of newly discovered evidence, and a purported petition for leave to produce additional evidence. The affidavit of one Fred Seward was produced in support of the motion, and he testified at the hearing thereof. His testimony was simply contradictory of that of other witnesses at the trial, and the trial court found it unworthy of credence and denied the motion. We find nothing in this conclusion which could constitute an abuse of its discretion. Nor is there any warrant for the taking of additional evidence in this court.

The evidence being sufficient to sustain the verdicts, and no error appearing in the trial, the judgments of conviction must be, and they are hereby affirmed.

The order denying new trial is affirmed, and the petition for leave to produce additional evidence is denied.