[Crim. No. 2196.   Third Dist.   Dec. 6, 1950.]

THE PEOPLE, Respondent, v. JOSEPH C. WHITE, Appellant.

George I. Lewis for Appellant.

Fred N. Howser, Attorney General, and Gail A. Strader, Deputy Attorney General, for Respondent.

VAN DYKE, J.—Appellant was charged with the commission of six felonies. The six counts of the information charged: 1. Grand theft by the stealing of five dairy cows, the property of one Genser; 2. Violation of section 470 of the Penal Code by forgery of a bill of sale pertaining to three of the same cows; 3. Violation of section 435 of the Agricultural Code in that, with intent to steal those cows and to prevent identification by the owner Genser, appellant marked and branded them with a brand or mark other than the recorded brand and mark of Genser, to wit, the recorded brand and mark of appellant; 4. Violation of the same section of the Agricultural Code in that appellant, with intent to steal and to prevent identification by the true owner of said cows, altered and defaced the existing brands or marks of Genser upon them; 5. Grand theft in the stealing of a Hereford bull, the property of one Brazelton; and 6. Violation of section 470 of the Penal Code in that appellant forged a bill of sale pertaining to said animal. It was further alleged in the information that before the commission of the above offenses appellant had been convicted of burglary in Texas in 1931, and had been sentenced to serve and had served a term of imprisonment therefor in the Texas State Prison at Huntsville.

Appellant entered a plea of not guilty as to each count and admitted the prior conviction. Upon a trial by jury appellant was found guilty as to each count. Application for probation was made and denied and the court thereupon sentenced appellant to imprisonment for the term prescribed by law as to each count and directed that these sentences run consecutively. From this judgment and from the order denying motion for new trial the appellant appeals.

The stealing of the dairy cows was shown by sufficient evidence to have occurred May 8, 1949. Three of them were thereafter sold to one Cecil, the sale being made at Basford Canyon near Vacaville, to which place appellant had transported the cattle. The first four counts in the information pertain to appellant's activities in connection with the theft, transportation, handling and sale of these cows. The last two counts have to do with the stealing of the Hereford bull and its sale to a slaughterer in Woodland. It appeared that the remaining two cows were taken by appellant to Elk Grove and offered for sale at a price which excited such suspicion that the matter was referred to the Sacramento County Sheriff, which reference started the investigations leading to the apprehension of appellant.

Appellant first contends that the trial court abused its discretion during the course of the trial in allowing one Emerson, a deputy sheriff who investigated the case, to remain at the counsel table with the prosecuting attorney, although all other witnesses had been excluded from the courtroom at the request of the appellant. Appellant says that the mere presence of this officer who had had close contact with all the prosecuting witnesses and some defense witnesses was prejudicial to his case and prevented a fair trial. We cannot sustain this contention. The code sections permitting exclusion of witnesses are couched in permissive language and it is well settled that the entire matter is one within the discretion of the trial court. Appellant does not point out in what way the presence of this witness prejudiced his case other than to say it did, and from the record it cannot be said that appellant's case was in fact prejudiced. The contention rests on speculation and no abuse of discretion appears. As to the rule that the matter of exclusion of witnesses lies entirely within the discretion of the trial court and that error cannot be predicated thereon without a clear abuse of discretion see *People* v. *Pierson*, 69 Cal.App.2d 285 [159 P.2d 39], and *People* v. *Lariscy*, 14 Cal.2d 30, 32 [92 P.2d 638].

Appellant further contends that the court erred in allowing the statements and admissions of appellant in evidence over his objections in absence of proof of the corpus delicti. We cannot sustain this contention. This testimony was given by the investigating officer, Mr. Emerson, and had to do with conversations had between him and appellant at the place where the dairy cows had been first taken. Before that testimony was admitted, the owner of the cattle, Mr.

Genser, had testified that he owned them; that they were being kept in a separate pasture near which was a loading chute used to put cattle in trucks for transportation; that the cattle were gone, which fact he discovered within a short time after the time alleged in the information to be the time of taking; that fresh cattle tracks led from the field to this chute; that the chute indicated recent use; that there were truck tire tracks showing that shortly before his investigation a truck had been backed up to the loading chute and driven away; that he had never given anyone authority to take the cattle from the pasture or to sell or in any manner handle or deal with them; that sometime later he found three of the cattle in the possession of Cecil and that their previous marks and brands had been altered and new brands placed on them. To permit the introduction of extrajudicial statements of a defendant it is only necessary that the prior evidence be sufficient to establish a prima facie proof of the commission of the crime or crimes charged. It is apparent that the record discloses such to have been the situation in the case at bar and that there was no error in admitting the statements at the time they were admitted. (See *People* v. *Bollinger*, 196 Cal. 191 [237 P. 25], and *People* v. *Kay*, 34 Cal.App.2d 691, 693 [94 P.2d 361].)

The final contention of appellant is that the record shows an abuse of discretion by the trial court in sentencing appellant to serve the terms of imprisonment on each count consecutively. It should first be observed that we have here a situation where, while in some instances closely related in point of time, the offenses charged clearly constituted separate and distinct offenses. Thus the theft of the dairy cows was complete when they were taken from the possession of the owner with felonious intent. The subsequent placing of appellant's brand thereon was a distinct offense, as was the defacing of the owner's brand, even though these last two offenses may have been concurrent or nearly so, and for the same general purposes of securing to appellant the fruits of the theft. The forging of the bills of sale were obviously distinct offenses and the theft of the bull, at a different place and time from the theft of the cows, is, of course, to be likewise classified.

The determination by a trial court of whether several sentences are to run concurrently or consecutively is the exercise of discretion vested in the court by the law, and error

cannot be predicated on such action unless abuse of discretion is clearly shown. (*People* v. *Palacio,* 86 Cal.App.2d 778 [195 P.2d 439]; *People* v. *Withers,* 73 Cal.App.2d 58 [165 P.2d 945]; *People* v. *Johnson,* 9 Cal.App. 233 [98 P. 682].)

While it may be said that ordering that six sentences for separate felonies shall run consecutively might at first blush be considered severe punishment, nevertheless we cannot say from this record that it constituted an abuse of discretion, having in mind the circumstances shown, including the admission of prior conviction. No claim is made and no claim could reasonably be made that the verdicts were not amply sustained by the evidence. This final contention of appellant cannot therefore be sustained. ■■ We have considered the fact as shown by the record that the altering of the Genser brand on the dairy cows was accomplished by placing over it the brand of appellant in such a way as to effectuate two purposes, that is, to obliterate Genser's brand and leave that of appellant as the only readable brand. The subsequent bill of sale described the brand on each animal as that of appellant. Two separate offenses, as charged, were committed. We find no abuse of discretion in the imposition of sentences to run consecutively, even as to the two counts charging alteration of brand and branding with a brand not that of the owner.

The judgment and order appealed from are affirmed.

Peek, J., and Adams, P. J., concurred.