[Crim. No. 7479.   Second Dist., Div. Two.   May 2, 1961.]

THE PEOPLE, Respondent, v. JOHNNY GUY, Appellant.

Silverton & Silverton and Ronald R. Silverton for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and George W. Kell, Deputy Attorney General, for Respondent.

HERNDON, J.—The defendant was accused of the crimes of kidnapping and statutory rape of a 14-year-old girl. He pleaded not guilty, waived his right to a jury trial and was found guilty as charged. On appeal from the judgment of conviction he contends there was reversible error in that (1) at the preliminary hearing the magistrate failed to exclude the investigating officer and the mother of the prosecutrix from the courtroom upon defendant's motion for the exclusion of "any witnesses"; (2) at the trial the court failed to exclude the investigating officer from the courtroom upon the defendant's motion for the exclusion of witnesses; and (3) the evidence was insufficient to sustain the conviction on either count.

The transcript of the preliminary hearing shows that the defendant asked "that *any witnesses* be removed from the courtroom." (Emphasis added.) The court then asked the prosecutor, "do you have any other witnesses?" to which he replied, "[j]ust the investigating officer and the mother will corroborate her age." The defendant's counsel then interjected a question concerning the presence of a prospective female minor witness who was subsequently removed from the courtroom. Defense counsel stated that "[i]f the mother is just going to corroborate her age she can stay here." He made no further comment concerning, or objection to, the presence of the investigating officer. The mother was not called to testify at the preliminary hearing.

The defendant contends that it was reversible error for the magistrate not to have excluded the investigating officer and the mother from the preliminary hearing. He relies upon

718

*People* v. *Elliot*, 54 Cal.2d 498 [6 Cal.Rptr. 753, 354 P.2d 225], and *People* v. *Prizant*, 186 Cal.App.2d 542 [9 Cal. Rptr. 282], to support his position. It is clear that the cited cases stand for the proposition that where a motion is made under section 868 of the Penal Code[1] to exclude from the hearing room all persons except those expressly named in the code section, that the request is mandatory and if a person not so designated is permitted to remain it is reversible error.

As Justice Peters, speaking for the court in *People* v. *Elliot, supra,* at page 504, said: "The right afforded to a defendant by section 868 of the Penal Code . . . is a substantial safeguard which cannot be disregarded by the magistrate. The section is mandatory."

The defendant's argument presupposes that the motion he made at the preliminary hearing was under section 868 for the exclusion of all persons not expressly authorized by that section. Examination of the record, however, reveals that the defendant did not indicate that the motion he made was based upon section 868, nor did he use the language of the section that "[t]he magistrate . . . exclude . . . *every person* . . ." except those enumerated. (Emphasis added.) Rather, the defendant asked "that *any witnesses* be removed from the courtroom." (Emphasis added.) Clearly, then, the motion was for the exclusion of "witnesses who have not been examined" under section 867 of the Penal Code.[2] The contrast between the two sections is clear. While section 868 is mandatory, section 867 "gives the magistrate discretion to exclude and/or separate witnesses." (*People* v. *Elliot, supra,* at p. 504.) There was no abuse of discretion in the magistrate's failure to exclude the investigating officer because the defendant has not shown that he was prejudiced in any way by the officer's presence. (*People* v. *White,* 100 Cal.App.2d 836, 838 [224 P.2d 868]; *People* v. *Lariscy,* 14 Cal.2d 30, 32 [92 P.2d 638].)

---

[1] Section 868: "The magistrate must also, upon the request of the defendant, exclude from the examination every person except his clerk, court reporter and bailiff, the prosecutor and his counsel, the Attorney General, the district attorney of the county, the defendant and his counsel, and the officer having the defendant in custody; provided, however, that when the prosecuting witness is a female she shall be entitled at all times to the attendance of a person of her own sex."

[2] "While a witness is under examination, the magistrate may exclude all witnesses who have not been examined. He may also cause the witnesses to be kept separate, and to be prevented from conversing with each other until they are all examined." (Pen. Code, § 867.)

It is further noted that the defendant's motion for the exclusion of witnesses was not directed toward the investigating officer and the exchange between defense counsel and court constituted a waiver by the defendant of any objection to the presence of the officer or the mother. There must be a timely and appropriate objection so as to afford the court an opportunity to take action and the failure of the defendant to do so constitutes a waiver of that objection. (*People* v. *Cox,* 174 Cal.App.2d 30, 39 [344 P.2d 399] ; *People* v. *Eaton,* 171 Cal.App.2d 120, 124 [339 P.2d 951].)

Aside from the untenable argument that the motion to exclude was made under the mandatory provisions of section 868 of the Penal Code, *supra,* the essence of the defendant's contention regarding the mother of the prosecutrix is that it was an abuse of discretion to allow the mother to remain in the courtroom during the preliminary hearing and thereafter allow her to testify at the trial as to facts beyond a corroboration of the victim's age. The statement of this contention is, in itself, enough to refute it. The magistrate's power to exclude witnesses from preliminary hearing under section 867 of the Penal Code, *supra,* is discretionary. There certainly could be no abuse of that discretion by the magistrate where the prospective witness was not called at the preliminary hearing. The witness here was excluded from the courtroom at the trial upon the defendant's motion. We do not feel that the limitation placed upon the mother's proposed testimony at the preliminary hearing carried over to the trial, since the two proceedings are completely separate and distinct.

In any event, we have examined the record with care and have found, first, that the defendant interposed no objection to the line of questioning pursued at the trial, and, second, that the facts testified to at the trial by the mother were neither repetitious nor cumulative of those given by others at the preliminary hearing, but rather were facts necessarily gained by first-hand observation. Under these circumstances, there was a waiver of any objection (*People* v. *Cox, supra,* 174 Cal.App.2d 30, 39) and there was no abuse of discretion. (*People* v. *Lariscy, supra,* 14 Cal.2d 30, 32.)

It was not error for the trial court to allow the investigating officer to remain in the courtroom after the defendant's motion to exclude all witnesses. Clearly section 868 of the Penal Code has no application to the trial itself since it is directed solely to "the magistrate." A mo-

tion to exclude witnesses during the trial is not a matter of right, but, again, rests in the sound discretion of the trial court. No abuse of that discretion has been indicated by the defendant or is apparent from the record. (*People* v. *White, supra,* 100 Cal.App.2d 836, 838.)

Defendant's final contentions are that there was insufficient evidence to sustain the convictions of statutory rape and kidnapping. ■■■ Under the familiar rule, we must resolve all conflicts in the evidence in the respondent's favor. ■■■ "The court on appeal 'will not attempt to determine the weight of the evidence, but will decide only whether upon the face of the evidence it can be held that sufficient facts could not have been found by the jury [or the trier of fact] to warrant the inference of guilt. . . . ■■■ [I]t must be made clearly to appear that upon no hypothesis whatever is there sufficient substantial evidence to support the conclusion reached in the court below.' '' (*People* v. *Newland,* 15 Cal.2d 678, 681 [104 P.2d 778].) It is in the light of these rules that we must view the defendant's contentions.

The prosecutrix testified that she was 14 years of age at the time of the trial. She was returning from a movie with her friends when an automobile driven by the defendant with two other men as passengers pulled up. The other two occupants of the automobile, Hardy and Richards, got out and began to bother the prosecutrix and her friends. Hardy got hold of the arm of the prosecutrix and prevented her escape by holding it behind her back. He then forced her behind some apartment buildings where he attempted to have intercourse with her.

Thereafter, Hardy took the prosecutrix to where the defendant had stopped the car and pushed her into the back seat. She testified that she was crying all during that time, and tried to pull away from him. She told the three men to leave her alone and take her home. The defendant drove into an alley where Hardy told the prosecutrix, who was screaming, to ''shut up'' and then he forced her to have sexual intercourse with him. The defendant and Richards were in the front seat at this time. Thereafter, both Richards and the defendant had intercourse with the prosecutrix, and Hardy repeated the act upon her. She testified that the men then drove her by a circuitous route to within a few houses of her home.

The friends of the prosecutrix were called for the prosecution and substantiated her story as to the events leading to

her abduction by Hardy, Richards and the defendant. They testified that they then went to the prosecutrix' home and that thereafter she returned home crying and hysterical.

The defendant "admits and acknowledges the fact that there was evidence that slide was made of the vaginal smear of the prosecutrix . . . and sperm was found in the vaginal area. . . ." The defense is predicated upon the fact that the prosecutrix alone testified to the facts of the rape by the defendant. He contends that she was raped by Hardy and Richards but he denies being a participant in or party to their conduct. The defendant's story was corroborated by the testimony of Hardy and Richards, who admitted raping the girl.

As indicated, the prosecutrix testified concerning the facts of the rape. There need be no more than one witness to sustain a conviction of rape. This is the type of offense where, by its very nature, there is frequently no other witness than the prosecutrix. (*People* v. *Nye,* 38 Cal.2d 34, 40 [237 P.2d 1]; *People* v. *Murray,* 91 Cal.App.2d 253, 256 [204 P.2d 624].) The defense has merely created a conflict in the evidence. The trier of fact was the ultimate arbiter of such conflict. (*People* v. *Newland, supra.*)

The defendant contends, however, that because of the lack of corroboration of the victim's story and because of her tender age, it was reversible error not to have required her to testify to the actual fact of penetration, pointing out that she was only asked, "Did he [the defendant] have sexual intercourse with you?" to which she replied, "Yes." We cannot agree with this argument.

The defendant is contending, in essence, that the prosecution has failed to establish a prima facie case by its failure to prove that the prosecutrix knew the meaning of the words "sexual intercourse." The defendant admits that three acts of sexual intercourse were committed upon the girl by Hardy and Richards. It cannot be seriously argued that she did not know what these men had done to her. Furthermore, this would be a factor that the trier of fact would, by necessity, have considered in weighing the credibility of the witness. The trial court had no reason to doubt the credibility of the prosecutrix in this regard and, in any event, this element was solely within its province. (*People* v. *Murray, supra; People* v. *Newland, supra.*)

The cases cited by the defendant do not, as he con-

tends, stand for the proposition that the details of a sexual attack must be testified to by the complaining witness; rather they indicate that any questions concerning credibility as a matter of law can be considered only where the facts testified to are physically impossible or inherently incredible. (*People* v. *Stangler*, 18 Cal.2d 688, 691-692 [117 P.2d 321].)

■■■ Here, acts of intercourse were admittedly committed upon the prosecutrix. It was for the trier of fact to determine whether or not she understood what was meant by the words "sexual intercourse."

The defendant finally contends that he was not a party to the kidnapping. He testified that he stayed in the car when Richards and Hardy went after the girls and that because he had been drinking he rested his head on the steering wheel prior to Richards' and Hardy's return to the car. He stated that he heard Hardy say that the prosecutrix was his girl friend and that while he observed Hardy holding her hand he was not aware of any force being used on her.

This story directly conflicts with the testimony given by the prosecutrix and her friends. She related that she was crying as she was pushed or pulled into the car by Hardy, and that she told them to leave her alone and take her home. Her friends testified that the defendant had driven only a short way down the street after discharging Hardy and Richards and he waited there until the two men returned from behind the apartment buildings with the prosecutrix. Richards alone went to the car, talked to the defendant and the defendant then drove part way to where Hardy and the girl were waiting. It was testified that she was crying as she went to the car and that "[t]hey helped her in."

■■■ An aider and abettor in a kidnapping is one who knowingly and with criminal intent aids, promotes, encourages or instigates by act or counsel, or both, the commission of the acts of compulsion which constitute a kidnapping.[3] (*People* v. *Goldstein*, 146 Cal.App.2d 268, 273 [303 P.2d 892]; *People* v. *Best*, 43 Cal.App.2d 100, 105 [110 P.2d 504].) The sole question, then, is whether or not this defendant knowingly

---

[3]Penal Code, section 207, provides, in part: "Every person who forcibly steals, takes, or arrests any person in this state and carries him into another country, state, or county, or into another part of the same county . . . is guilty of kidnaping."

Penal Code, section 31, provides, in part: "All persons concerned in the commission of a crime, whether it be felony or misdemeanor, and whether they directly commit the act constituting the offense, or aid and abet in its commission . . . are principals in any crime so committed."

and with criminal intent aided Hardy and Richards in the abduction of the girl. The question of whether or not a person who was present when a crime was being committed aided and abetted therein is one of fact for the trier thereof to determine from all of the circumstances proved. (*People* v. *Perez,* 169 Cal.App.2d 473, 475 [337 P.2d 539].)

The court below specifically found that the evidence, beyond a reasonable doubt, supported the stated conclusion "that the defendant knew that the victim was being thrown into the car or pushed into the car, and driven away without her consent; and that this defendant was an aider and abettor in that."

The judgment is affirmed.

Fox, P. J., and Ashburn, J., concurred.